ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (ST. BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA 94104
Telephone: (415) 392-5431
Facsimile: (415) 392-1978

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA FLOOR COVERING INDUSTRY WELFARE FUND; STEVE HAVENS, TRUSTEE,<br><br>  Plaintiffs,<br><br>    vs.<br><br>JOE WANG, individually and doing business as J W CARPET & FLOORING and JOE WANG CARPET and FLOORING,<br><br>  Defendant. | No. 2039<br><br>COMPLAINT |

Plaintiffs complain of defendant and for a cause of action allege that:

1. Jurisdiction of this Court is founded upon Section 301 (c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations

COMPLAINT
-1-

Act of 1947. This action is also brought pursuant to the Federal Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual controversy between plaintiffs and defendant, and for a Judgment that defendant pay fringe benefit contributions in accordance with its contractual obligations.

2. Plaintiffs, Boards of Trustees of the Northern California Floor Covering Industry Welfare Fund (hereinafter "Trust Fund"), named in the caption are trustees of employee benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145. Plaintiff Steve Havens is a trustee. Said Trust Funds are authorized to maintain suit as independent legal entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

3. Plaintiffs are informed and believe and thereupon allege that defendant, JOE WANG, resides and does business in South San Francisco, California. The collective bargaining agreement was entered into in San Francisco, CA. Performance of the obligations set forth therein is in this judicial district.

4. Each and every defendant herein is the agent of each and every other defendant herein. Defendants and each of them are engaged in commerce or in an industry affecting commerce.

5. At all times pertinent hereto, defendant was bound by a written collective bargaining agreement with Carpet, Linoleum & Soft Tile Workers, Local 12, a labor organization in an industry affecting commerce. The aforesaid agreement provides that defendant shall make contributions to the TRUST FUND, on behalf of defendant's employees on a regular basis on all hours worked, and that defendant shall be

bound to and abide by all the provisions of the respective Trust Agreement and Declarations of Trust of said TRUST FUNDS (hereinafter the "Trust Agreement").

6.   The Trust Fund relies upon a self reporting system. Defendant has unique knowledge of the amounts of contributions that they are liable to pay each month, and have a fiduciary obligation to accurately report the amount to the Trust Fund.

7.   Defendant has breached both the provisions of the collective bargaining agreement and the Trust Agreement above referred to by failing to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUND. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

8.   Defendant has failed and refused to pay all fringe benefit contributions due from June 2006 to May 2007. Pursuant to the terms of the collective bargaining agreement there is now due, owing and unpaid from defendant to the TRUST FUND contributions for hours worked by a covered employee for the months of June 2006 through May 2007, and liquidated damages which are specifically provided for by said agreements. The total amount due is $18,050.05 plus interest; additional monthly amounts will become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued. The total amount due in this paragraph is unknown at this time, except to the defendant.

9.   An actual controversy exists between plaintiffs and defendant in that plaintiffs contend that plaintiffs are entitled to

1 a timely monthly payment of trust fund contributions now and in the
2 future pursuant to the collective bargaining agreement and the Trust
3 Agreement, and defendant refuses to make such payments in a timely
4 manner.

5     10. The Trust Fund does not at this time seek to audit the
6 books and records of defendant. The only issue raised in this
7 complaint is defendant's failure to pay the contributions due. The
8 Trust Fund seeks to obtain a judgment for any outstanding delinquent
9 contributions, and to reserve the right to audit defendant for this
10 or any other unaudited period.

11     11. The Trust Agreement provides that, in the event suit
12 is instituted to enforce payments due thereunder, the defendant shall
13 pay court costs and reasonable attorneys' fee. It has been necessary
14 for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,
15 as attorneys to prosecute the within action, and reasonable attorneys'
16 fee should be allowed by the Court on account of the employment by
17 plaintiffs of said attorneys.

18     WHEREFORE, plaintiffs pray:

19     1. That the Court render a judgment on behalf of plaintiffs
20 for all contributions due and owing to the date of judgment based upon
21 unaudited reporting forms, plus liquidated damages provided for by the
22 contract, interest at the legal rate, reasonable attorneys' fees
23 incurred in prosecuting this action and costs.

24     2. That the Court enjoin the defendant from violating the
25 terms of the collective bargaining agreements and the Trust Agreement
26 for the full period for which defendant is contractually bound to file
27 reports and pay contributions to the TRUST FUND.

28     3. That the Court reserve plaintiffs' contractual right to

COMPLAINT
-4-

1 | audit defendant for months prior to judgment, and in the event of such
2 | audit, collect any additional sums which may be due.
3 |     4.   That the Court retain jurisdiction of this cause pending
4 | compliance with its orders.
5 |     5.   For such other and further relief as the Court deems
6 | just and proper.
7 | DATED: April 17, 2008        ERSKINE & TULLEY
                              A PROFESSIONAL CORPORATION

By: _____
    Michael J. Carroll
    Attorneys for Plaintiffs

COMPLAINT
-5-