Muriel B. Kaplan, Esq. (SBN 124607)
Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA FLOOR COVERING INDUSTRY WELFARE FUND, et al.,<br><br>　　　　Plaintiffs,<br>v.<br><br>JOE WANG, individually, and dba J.W. CARPET & FLOORING and JOE WANG CARPET and FLOORING,<br><br>　　　　Defendants. | Case No.: C08-2039 WHA<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the instant action in favor of the plaintiffs BOARDS OF TRUSTEES OF THE NORTHERN CALIFORNIA COVERING INDUSTRY WELFARE FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against defendants JOE WANG, individually and dba J.W. CARPET & FLOORING and JOE WANG CARPET AND FLOORING ("Defendant") as follows:

1.　　Defendant entered into a valid collective bargaining agreement with District Council No. 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to the present time.

2. Plaintiffs filed the instant action to recover unpaid contributions, liquidated damages and interest as well as attorneys' fees and costs owed by the Defendant under the Bargaining Agreement.

3. A separate action was previously filed against Defendant to recover other amounts owed to the Trust Funds, *Board of Trustees of the Northern California Flooring Covering Industry Welfare Fund, et al.,* v. *Joe Wang, individually and dba J.W. Carpet & Flooring*, United States District Court for the Northern District of California, Case No. C06-3419 WHA. Judgment was entered in said action on September 11, 2006, against Defendant in the sum of $11,977.74 ("2006 Judgment"). To date, Defendant has provided payment in the sum of $9,390 in partial satisfaction of the 2006 Judgment.

4. Defendant hereby acknowledges and agrees that Defendant owes the following sums to Plaintiffs:

| | | | |
|---|---|---|---|
| **Balance Under 2006 Judgment** | | 12/05-7/06 | $2,587.74 |
| **Instant Action** | Contributions | Li Yeng Chen 6/06 – 5/07 | $13,398.41 |
| | | Xiao Zhang 11/06 – 10/07 | $866.80 |
| | | Balance Owed for Journeymen Contr. Paid at Incorrect Rate 8/07 | $302.40 |
| | 20% Liquidated Damages | 6/06 – 10/07 | $2,913.52 |
| | 8% Interest | 6/06 - 8/31/08 | $1,716.00 |
| | Attorneys' Fees | 6/11/08 – 9/19/08 | $4,443.50 |
| | Costs | 6/11/08 – 9/19/08 | $25.00 |
| | TOTAL | | $22,253.37 |

5. In full and final settlement of this matter, Plaintiffs and Defendant have agreed to resolve this matter as follows:

(a) Defendants shall **conditionally** pay, as specified in paragraph 5(b), below, the amount of **$18,400.35** representing the sum of $22,253.37 less the following amounts, **conditioned upon the timely compliance by Defendant with all of the terms of this Judgment and upon the Trustees' approval of said waivers:**

(i) Liquidated damages from June 2006 through October 2007 in the amount of $2,853.02; and

(ii) Attorneys' fees from June 16, 2008 through September 19, 2008, in the sum of $1000.

(b) On or before October 10, 2008, Defendant shall pay to Plaintiffs the sum of $1,100. Defendant shall thereafter make installment payments in the sum of $1,100 on the 10th of each month for a period of (17) additional months through March 10, 2010, when the final payment shall be made. Subject to paragraphs 6 and 9, below, all such payments made by Defendant will total $19,800 if timely paid and Defendant does not breach any of the terms of this Judgment. Defendant shall have the right to increase said monthly payments or pay the entire remaining balance at any time without penalty. Defendant shall continue to make said monthly payments in the event the Trustees' do not approve the waivers specified in paragraph 5(a), above, until this Judgment is satisfied in its entirety.

(c) Interest will continue to accrue on the unpaid contributions plus liquidated damages at the rate of 8% per annum as provided for in the Bargaining Agreement and trust agreements incorporated therein. Additionally, interest will accrue on the remaining balance of this judgment at the post-judgment interest rate in accordance with 28 U.S.C 1961(a), 18 U.S.C. 3612(f)(2)(B) and 40 U.S.C. 258(e)(1) at the weekly average 1-year constant maturity Treasury yield for the

calendar week preceding the Judgment.[1]

        (d)    Each payment shall be applied first to unpaid interest and then to the reduction of the principal balance.

    6.    Prior to the last payment required under this Judgment, Plaintiffs shall advise Defendant in writing of any additional amounts due including contributions, liquidated damages, interest, attorneys' fees and costs incurred following this Judgment. Said sums shall be timely paid by Defendant with the last payment as specified in paragraph 5(b), above.

    7.    All checks for payments required under this Judgment must be payable to the "DC16 Health and Welfare Trust Fund" and timely delivered to Shaamini Babu, **Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, CA 94104,** or to such other address as may be specified by Plaintiffs.

    8.    In the event that any check is not timely submitted as required herein, or is unable to be negotiated for any reason, Defendant shall be considered to be in default of this Judgment. If this occurs, Plaintiffs shall make a written demand to Defendant to cure said default. Default will only be cured by the issuance of a replacement check in the form of a **cashier's check** delivered as specified in paragraph 7, above, **within seven (7) days** of the date of the notice from Plaintiffs. In the event default is not cured, the entire amount remaining owed hereunder shall be due and payable to Plaintiffs.

    9.    Beginning with contributions due for hours worked by Defendant's employees during the month of September 1, 2008, due on October 15, 2008, and delinquent if not received by the end of the month, Defendants shall remain current in monthly contributions due to Plaintiffs under the current applicable collective bargaining agreement and under all subsequent

---

[1] For example, the rate for the week of September 22, 2008 is 2.06%.

collective bargaining agreements, if any, and the trust agreements, as amended. **Defendants shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Shaamini A. Babu at 415-882-9287, prior to sending the payment to the Trust Funds' office so that timely compliance can be confirmed.** Failure by Defendant to remain current in contributions shall constitute a default by Defendant of its obligations under this Judgment. Any such unpaid or late-paid contributions, together with 20% liquidated damages and 8% interest per annum on the total contributions plus liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable collective bargaining agreement and trust agreements for collection of current, and future contributions and the provisions of this Judgment are in addition thereto.

10. In the event that Defendants fail to make any payment specified herein or fail to remain current in any contributions as set forth above:

(a) The entire balance of **$22,253.37** reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due as well as 20% liquidated damages and 8% interest per annum on the total contributions plus liquidated damages shall be immediately due, together with any additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection of all amounts owed by Defendant.

(b) A writ of execution may be obtained against Defendant, without further notice, in the amount of the unpaid balance under this Judgment, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default. Defendant specifically consents to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of execution

herein.

(c) Defendant expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution, without further notice to Defendant.

11. Any failure on the part of the Plaintiffs to take action against Defendant in the event of a breach of any provisions of this Judgment shall not be deemed a waiver of any rights and remedies available to Plaintiffs with respect to any subsequent breach by the Defendant of any provisions herein.

12. Plaintiffs specifically reserve all rights to bring a subsequent action against Defendant for the collection of any additional contribution found to be due for the hours worked by Defendant's employees during the periods preceding the date of this Judgment, including but not limited to, any amounts found to be due on any audits of Defendant's records. Defendant specifically waives the defense of the doctrine of res judicata in any such action.

13. In the event of the filing of a bankruptcy petition by Defendant, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. §547(c)(2) and shall not be claimed as a preference under 11 U.S.C. §547 or otherwise. Defendant nevertheless represents that no bankruptcy filing is anticipated.

14. Should any provision of this Judgment be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Judgment.

15. Defendant represents and warrants he has had the opportunity to be represented by counsel of his own choosing in the analysis of this Judgment and the terms and conditions set forth herein, that Defendant has read this Judgment with care and are fully aware of and understand that they enter into this Judgment voluntarily.

16. This Judgment may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

17. The Court shall retain jurisdiction to enforce the terms of this Judgment.

Dated: October 2, 2008

_____
Joe Wang, individually and dba J W. Carpet and Flooring and Joe Wang Carpet and Flooring

Dated: October 2, 2008

Plaintiffs Northern California Floor Covering Industry Welfare Funds, et al.

_____
Shaamini A. Babu
Saltzman & Johnson Law Corporation

IT IS SO ORDERED.

Dated: October 2, 2008.

IT IS SO ORDERED
Judge William Alsup

HONORABLE WILLIAM ALSUP
UNITED STATES DISTRICT COURT JUDGE

7
JUDGMENT
CASE NO.: C06-07600 JSW